# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/19/2022 09:01 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Valles,Deputy Clerk
22SMCV00735

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES, LLC, a California Limited Liability Company; and DOES 1 through 25, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID MILLAR, an Individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Santa Monica Courthouse<br>1725 Main St.<br>Santa Monica, CA 90401 | CASE NUMBER: *(Número del Caso):*<br>22SMCV00735 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Sherri R. Carter Executive Officer / Clerk of Court

Cory D. Gould | 510 Arizona Ave., Santa Monica, CA 90401 | 310-826-6300

| DATE xxxxxxxxxxxxxxx 05/23/2022<br>*(Fecha)* Maxxxx,xxxx | Clerk, by<br>*(Secretario)* N. Valles | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 05/19/2022 09:01 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Valles,Deputy Clerk
22SMCV00735

Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Elaine Mandel

1 | RODNEY MESRIANI (SBN 184875)
BRANDON CHANG (SBN 316197)
2 | CORY GOULD (SBN 329550)
MESRIANI LAW GROUP
3 | A PROFESSIONAL LAW CORPORATION
510 Arizona Avenue,
4 | Santa Monica, CA 90401
Tel:    (310) 826-6300
5 | Fax:    (310) 820-1258
6 | Attorneys for Plaintiff, *David Millar*

7 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 | FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID MILLAR, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC, a California Limited Liability Company; and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO.   22SMCV00735<br><br>COMPLAINT FOR:<br><br>1.  AGE DISCRIMINATION;<br>2.  AGE HARASSMENT;<br>3.  DISABILITY DISCRIMINATION;<br>4.  DISABILITY HARASSMENT;<br>5.  FAILURE TO ACCOMMODATE DISABILITY;<br>6.  FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION OF A DISABILITY;<br>7.  FAILURE TO PREVENT, CORRECT AND REMEDY DISCRIMINATION AND HARASSMENT;<br>8.  RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY;<br>9.  WRONGFUL TERMINATION;<br>10. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND<br>11. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

## SUMMARY

Plaintiff DAVID MILLAR (hereinafter "Plaintiff") states and alleges his complaint against AMAZON.COM SERVICES, LLC, (hereinafter "Defendant AMAZON"), and DOES 1 through 25 (hereinafter, collectively, "Defendants"), as follows:

1. This is a Complaint for age discrimination and harassment, disability discrimination and harassment, failure to accommodate disability, failure to engage in the interactive process of accommodation of a disability, failure to prevent, correct and remedy discrimination and harassment, retaliation for engaging in a protected activity, wrongful termination, intentional infliction of emotional distress; and negligent infliction of emotional distress.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff timely filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"). The DFEH issued a Right-to-Sue Notice. Accordingly, Plaintiff has timely exhausted his administrative remedies. A true-and-correct copy of Plaintiff's Right-to-Sue Notice is attached to this complaint as **Exhibit A**.

3. Any and all other prerequisites to the filing of this suit have been met.

## JURISDICTION

4. This court has jurisdiction herein pursuant to California Government Code section 12920 *et seq.* and Code of Civil Procedure section 395 subdivision (a). Plaintiff was employed by Defendants within the State of California, and Plaintiff at all time material hereto, resided within Los Angeles County, California.

## PARTIES

5. At all times material herein, Plaintiff DAVID MILLAR was a resident of the County of Los Angeles, State of California and worked in Los Angeles County.

6. At all times material herein, Defendant AMAZON operated in Los Angeles County.

## DOES DEFENDANTS

7. The full extent of the facts linking the fictitiously designated Defendants with the causes of action alleged herein are unknown to Plaintiff at this time. In addition, the true names

2

COMPLAINT

1  and capacities, whether individual, plural, corporate, partnership, associate, or otherwise are also

2  unknown to Plaintiff at this time. Plaintiff, therefore, designates such Defendants as DOES 1 to

3  100 inclusive, and sues them under those fictitious names.

4       8.    To the extent such DOE Defendants are corporate entities, Plaintiff sues them in that

5  capacity and such corporate entities are responsible for all acts of their employees, agents,

6  representatives and principals as all alleged actions were done within the course and scope of their

7  employment.

8       9.    To extent such DOE Defendants are individuals, Plaintiff sues them in that capacity

9  and alleges that they took the actions as agents of a corporate entity or for the benefit of themselves.

10       10.    Plaintiff alleges that each and every Defendants designated as DOE was responsible

11  for the events referred to therein and, in some manner, caused injuries to Plaintiff as hereinafter

12  alleged. Plaintiff will amend this Complaint to state the manner in which each fictitious Defendants

13  is so responsible and will ask leave of Court to amend this Complaint to show their respective true

14  names and capacities when ascertained.

15             **FACTS APPLICABLE TO ALL CAUSES OF ACTION**

16       11.    By this reference, Plaintiff alleges and incorporates herein each and every

17  allegation set forth in all previous paragraphs of the Complaint.

18       12.    On or about January 17, 2017, Plaintiff was hired by Ring Video Doorbell ("RVD")

19  as a Return Merchandise Authorization (RMA) technician at a location in Culver City. Plaintiff

20  performed quality control on new products and evaluated return products. Later that year the

21  department Plaintiff worked in was moved to a Santa Monica location, where Plaintiff was situated

22  on the ground floor in what was called "The Garage" and frequently handled large and heavy

23  boxes, shipping pallets, and hydraulic dollies.

24       13.    On or about April 13, 2018, RVD was acquired by Defendant AMAZON. When

25  this acquisition occurred, Plaintiff's department was moved up two flights of wooden stairs into

26  the attic. Plaintiff was concerned about the change in his work area as he would now be required

27  to hand-carry heavy items up and down stairs without any aid from mechanical devices. Plaintiff

28  informed his manager that he feared "*an accident waiting to happen*" while carrying the heavy

items up and down the two flights of wooden stairs. However, Plaintiff's manager disregarded the apparent risk. In addition, Plaintiff's job title changed from RMA technician to Fulfillment Center Associate.

14.     On or about August 16, 2018, despite exercising reasonable care and diligence, Plaintiff fell down the stairs while carrying a large and heavy box that obstructed his vision and completely severed his Achilles tendon. Plaintiff was unable to stand or put weight on his foot and a senior manager told Plaintiff to go home. Instead, Plaintiff went to the Emergency Room ("ER").

15.     At the ER, Plaintiff was not able to be treated without worker's compensation information, which Defendant AMAZON had failed to provide. Plaintiff was eventually treated on the understating that Plaintiff would give them the worker's compensation information within five days. Plaintiff then wondered why he was not provided worker's compensation information when multiple managers and Human Resources ("HR") employees either personally witnessed or knew of Plaintiff's workplace injury. Plaintiff left the ER with a cast on his injured leg and with the aid of crutches.

16.     Notably, Plaintiff would later learn that the two flights of wooden stairs were in violation of the California Building Standards Code.

17.     Three weeks later, on or around September 5, 2018, Plaintiff had his first appointment with his worker's compensation orthopedic specialist, Dr. Gross. This doctor told Plaintiff that he will require surgery and will be out of work for at least six months. Further, Plaintiff's doctor explained that due to the delay in treatment, his completely severed Achilles tendon had already started to deteriorate, stating, *"we are already late,"* referring to surgery. As a result, Plaintiff would require intensive reconstructive surgery. This is considered major surgery which is more painful and requires a longer recovery time, which could have been avoided had Defendant AMAZON acted in a timely manner.

18.     Unfortunately for Plaintiff, Defendant AMAZON still would not process Plaintiff's worker's compensation claim for several weeks.

19.     Due to Defendant AMAZON's further delay in processing Plaintiff's worker's compensation claim, Plaintiff's surgery was postponed another five weeks. Although Plaintiff was

scheduled for surgery every Tuesday and Thursday of the intervening weeks, it was canceled each time. Eventually, Plaintiff underwent reconstructive surgery on or about October 10, 2018, almost two months after Plaintiff was injured.

20.     After this surgery, Plaintiff had the most intense physical pain and suffering he had ever experienced in his life, so intense that he was constantly covered in sweat and passed-out multiple times a day. Ironically, Plaintiff was thankful for the relief from the pain that unconsciousness provided him. For five days post-surgery, Plaintiff was bed-ridden and did not eat, drink, or use the bathroom. Due to the pain, his doctor considered sending an ambulance to re-admit him into the hospital. This was in addition to the extreme anxiety and depression that this injury caused Plaintiff in regard to his employment. Plaintiff could not help but feel frustrated that Defendant AMAZON made him carry heavy items up and down non-code compliant stairs in order to make room for people sitting at desks in The Garage, resulting in his debilitating injuries. Furthermore, Plaintiff could also not help but wonder if Defendant AMAZON acted in a timely manner, then he could have avoided the intensive reconstructive surgery and the majority of his current pain.

21.     This excruciating pain also caused Plaintiff to uncontrollably scream out in distress and become addicted to opioid pain relievers for a short time. Soon, Plaintiff's bouts of screaming in pain would subside, and he would instead experience difficulty in breathing as he tapered down his pain medication. Knowing that Defendant AMAZON would delay in processing his worker's compensation claim, Plaintiff went to his own primary care doctor to report his difficulty in breathing. Thereat, Plaintiff underwent an ultrasound to search for blood clots – a post-surgery risk. Plaintiff's doctor determined that his episodes of difficult breathing were not because of blood clots; they were anxiety attacks.

22.     Subsequent to his surgery, Plaintiff went out on medical leave from work, and Defendants canceled his medical insurance.

23.     On or about June 14, 2019, Plaintiff received an email regarding a "Return to Modified Work" scheduled for June 16, 2019 from Dr. Gross. At this time, Plaintiff was placed on "Sedentary Work Only," because he was dependent upon his medical walking boot and was

still physically weak. Plaintiff tried to reach out to Defendant AMAZON to discuss his request for accommodation for his disabilities but could not get in contact with them regarding his return-to-work status. Plaintiff was concerned about his job and wanted to return to work, so he decided he would show up on that date.

24.     On or about June 17, 2019, Plaintiff reported for duty but no one in the office was expecting him or knew what to do with him. Then, Plaintiff discovered that his old department was restructured. Plaintiff found an HR representative who told Plaintiff to contact Erin Prather ("Ms. Prather") about his return to work. Plaintiff then explained to Ms. Prather that he came into work as he was worried about losing his benefits, salary, health insurance, and his job as he was permitted to work by his doctor. Regardless, Ms. Prather sent Plaintiff home.

25.     The next day, Plaintiff received an email from an HR representative which stated that Defendant AMAZON could not approve Plaintiff's accommodation request for modified duties at this time and that they would extend his leave.

26.     From this date on, Plaintiff received multiple emails and maintained correspondence with many HR representatives at Defendant AMAZON discussing Plaintiff's return to work. Plaintiff sent applications for alternative jobs to the HR department and remained engaged in the accommodation process.

27.     On December 19, 2019, Plaintiff spoke with HR regarding his return to work, but was informed that the only role available to him would require him to carry heavy items up and down the non-code-compliant stairs. Plaintiff could not fulfill this role with his work restrictions, so he and HR decided to talk again after the new year.

28.     On or about January 6, 2020, Plaintiff spoke with HR again, requesting alternative job positions that he may fulfill. Plaintiff believed that his experience working in entertainment media and his strong record with RVD and Defendant AMAZON would make him a good candidate for the many opportunities within Defendant AMAZON's network of companies. However, the conversation was focused on Plaintiff's physical condition and whether he would need a second surgery.

29.     On or about March 20, 2020, Plaintiff had another discussion with HR about his

1    return to work status. Plaintiff explained that he would not be seeking a second surgery as it
2    required the removal of his nerves, resulting in the loss of feeling in his foot for the rest of his life.
3    HR instructed Plaintiff to submit job applications for potential placement.

4          30.    On or about May 1, 2020, Plaintiff again discussed with HR his return-to-work
5    status and his recent applications for positions at Defendant AMAZON. HR explained that Plaintiff
6    should continue submitting his applications, but if he is not placed within 60 days, he would be
7    terminated and offered severance. Plaintiff had suspicions regarding the application process he
8    was instructed to use as after dozens of applications he had yet to receive any response.

9          31.    On or about May 29, 2020, HR scheduled a phone conference between Plaintiff and
10   a hiring manager for Defendant AMAZON.

11         32.    On or about June 1, 2020, Plaintiff attended the phone conference with HR and the
12   hiring manager. The hiring manager informed Plaintiff that his experience and background was
13   applicable to an open position, but the hiring manager had not received Plaintiff's application.
14   After some discussion, Plaintiff was informed that he needs to apply using the internal job-site
15   process, and that his applications via the external job-site do not get passed onto the hiring
16   managers, they get *"dumped."* Apparently, the system knew Plaintiff was already an employee and
17   therefore, he should be using the employee internal job-site process.

18         33.    On or about June 5, 2020, Plaintiff went back to the office to discuss with HR and
19   the IT department his authorization to apply for positions via the internal job-site process. Thereat,
20   Plaintiff was informed that he would not be authorized to apply via the internal job-site because
21   he is a *"non-working employee."* In other words, Plaintiff's previous applications were
22   automatically denied by Defendant AMAZON because he already was an employee, and he would
23   not be allowed to apply for a position through the current-employee/internal process because he
24   was a non-working employee.

25         34.    On or about June 12, 2020, Defendant's HR informed Plaintiff that they would not
26   give him authorization to apply for positions via the internal job-site process.

27         35.    For the next several months, Plaintiff applied to dozens of positions with Defendant
28   AMAZON, but he was ignored. Plaintiff would apply for jobs via Defendant AMAZON's external

process and forward the job ID number to Defendant's HR to notify them that he had applied. Plaintiff did this because he was denied access to the internal job-site process and was informed his external job applications would automatically be "*dumped.*" Despite Plaintiff's diligence, Defendant AMAZON continued to ignore his applications for work.

36.   On or about September 23, 2020, Plaintiff's doctor, Dr. Gross, placed Plaintiff on modified work restrictions; 70% sitting and 30% limited walking restriction.

37.   Subsequently, Plaintiff received introduction emails from many different HR representatives, one after another, each saying they were taking his case. Plaintiff remained actively engaged during this accommodation process and submitted copies of his many job applications. In total, Plaintiff had ten accommodation specialists, six within just a two-month span.

38.   On or about January 20, 2021, Plaintiff had a phone call with a representative of Defendant AMAZON's Disability and Leave Services. During this call, the representative told Plaintiff that the job reassignment accommodation was not successful, and Plaintiff's work restrictions would not be accommodated.

39.   On or about February 19, 2021, Plaintiff received an email stating that his return to work date was four days earlier on February 15, 2021. This email did not have a name or return contact information. Plaintiff was confused as his doctor had authorized him to work with restrictions, and it was Defendant AMAZON whom decided to place Plaintiff on leave.

40.   On or about March 5, 2021, Plaintiff got another email about his failure to return to work saying that Defendant AMAZON received a note from Plaintiff's healthcare provider indicating that Plaintiff could return to work on February 15, 2021 and to contact the sender as soon as possible. Plaintiff nor his doctor had never sent a request for medical leave as an accommodation, only requests for modified work to accommodate his restrictions.

41.   Confused, Plaintiff then asked his doctor to send an accommodation request to Defendant AMAZON.

42.   On or about April 6, 2021, the current Disability and Leave Services representative emailed Plaintiff saying that they had not received a document supporting Plaintiff's leave of

1  absence. Knowing that he had never requested leave of absence in the first place, Plaintiff asked
2  his doctor to send the documents again.

3      43.    On or around May 25, 2021, Plaintiff was assigned his sixth accommodation
4  specialist in so many months, Defendant Amazon's employee-agent, Anthony Alberici ("Mr.
5  Alberici") and Plaintiff talked daily. Mr. Alberici suggested that Plaintiff should specifically
6  mention in his application that he is proficient with basic computer work, such as email, Google,
7  and Microsoft Office because Plaintiff's age may make employers think that Plaintiff is too old to
8  know how to use a computer. Despite seeing on Plaintiff's resume that he had worked in the
9  Television industry and as an editor, Mr. Alberici claimed that people of Plaintiff's "*experience*"
10  are typically not computer savvy. Plaintiff was taken aback and interpreted this statement as an
11  attack on his old age, as his video editing experience obviously involved working with computers
12  and he was corresponding via email.

13      44.    On or about June 2, 2021, Plaintiff was offered six different positions, all requiring
14  him to violate his work restrictions. Plaintiff declined these positions as they were not feasible in
15  light of his work restrictions.

16      45.    On or about June 8, 2021, Plaintiff and Defendants' HR had another conversation
17  as to Defendant AMAZON's inability to grant him authorization to apply for positions via the
18  internal job-site process.

19      46.    On or about June 23, 2021, after months of discussion and engagement with the
20  accommodation process, Plaintiff had a call with Mr. Alberici whom offered a few extra weeks of
21  leave, but after two years of forced medical leave after being released to work with restrictions,
22  Plaintiff realized the accommodation process was never a serious effort to accommodate his
23  disabilities. Plaintiff therefore declined the extra weeks of leave and again asked to be placed in a
24  position that would accommodate his work restrictions, citing the almost 70 different job
25  applications he had submitted since being authorized to work.

26      47.    On or about August 3, 2021, Plaintiff received a call from Megan Paul who told
27  him that he was involuntarily terminated.

28      48.    Ultimately, Plaintiff's employment with Defendant AMAZON was unlawfully

1  terminated without real, substantial, and compelling reason.

2      49.     Due to Plaintiff's sudden and wrongful termination, Plaintiff has suffered, and
3  continues to suffer, severe emotional distress, including, but not limited to, emotional distress,
4  anxiety, and mental suffering.

**FIRST CAUSE OF ACTION**

**AGE DISCRIMINATION**

**(Plaintiff Against All Defendants)**

8      50.     Plaintiff alleges and incorporates herein by this reference each and every allegation
9  set forth in all previous paragraphs of the Complaint as if fully set forth herein.

10      51.     Plaintiff was at all times hereto an "employee" within the meaning of California
11  Government Code § 12926(c) and California Government Code § 12940(a) and (e), which prohibit
12  age discrimination in employment.

13      52.     Defendant AMAZON was at all material times an "employer" as defined by
14  California Government Code § 12926(d) and within the meaning of California Government Code
15  § 12940(a) and (e) and, as such, was barred from discriminating or retaliating in employment
16  decisions on the basis of age as set forth in California Government Code § 12940.

17      53.     Defendant AMAZON discriminated against Plaintiff on the basis of his age in
18  violation of California Government Code § 12940(a) and (c), Article 1 of the California
19  Constitution and related statutes by engaging in the course of conduct more fully set forth in the
20  General Allegations stated above.

21      54.     As a result of Defendant's unlawful discrimination against Plaintiff, Plaintiff has
22  suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional
23  and physical distress; and (b) loss of past and future earnings, and employment benefits and
24  opportunities, all on account of which Plaintiff is entitled to compensatory damages. The exact
25  amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently
26  unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such
27  information, or prove the same at the time of trial.

28      55.     As more fully set forth above, the age discrimination by Defendant AMAZON was

10

**COMPLAINT**

1   committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious

2   disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as

3   to cause the injuries sustained by Plaintiff, which acts amounted to oppression, fraud, and malice,

4   as described in California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or

5   exemplary damages in an amount sufficient to punish and make an example out of Defendant.

6                        <u>SECOND CAUSE OF ACTION</u>

7                              AGE HARASSMENT

8                         **(Plaintiff Against All Defendants)**

9        56.     Plaintiff alleges and incorporates herein by this reference each and every allegation

10   set forth in all previous paragraphs of the Complaint.

11       57.     Plaintiff was at all times hereto an "employee" within the meaning of California

12   Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit

13   age harassment.  Age harassment within the meaning of those sections, includes harassment and

14   failure to take all reasonable steps necessary to prevent discrimination or harassment on the basis

15   of age.

16       58.     Defendant AMAZON was at all material times an "employer" as defined by

17   California Government Code § 12926(d) and within the meaning of California Government Code

18   § 12940(a) and (c) and, as such, was barred from harassing or retaliating in employment decisions

19   on the basis of age as set forth in California Government Code § 12940.

20       59.     Individual Defendant ALBERICI was a managerial and/or supervisory employee

21   of Defendant AMAZON who had a duty to Plaintiff to refrain from age discrimination and

22   harassment and to take all reasonable steps to prevent and correct unlawful age discrimination and

23   harassment in the workplace.

24       60.     Defendants harassed Plaintiff on the basis of age, in violation of California

25   Government Code § 12940(a) and (c), Article 1 of the California Constitution and related statutes

26   by engaging in the course of conduct more fully set forth in the General Allegations stated above.

27       61.     As a result of Defendants' unlawful harassment of Plaintiff, Plaintiff has suffered

28   and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and

1   physical distress; and (b) loss of past and future earnings, and employment benefits and

2   opportunities, all on account of which Plaintiff is entitled to compensatory damages. The exact

3   amount and nature of such damages exceeds the jurisdictional limits of this court, but are presently

4   unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such

5   information, or will prove the same at the time of trial.

6       62.     As more fully set forth above, the age harassment by Defendants was committed

7   intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for

8   Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the

9   injuries sustained by Plaintiff, which acts amounted to oppression, fraud, and malice, as described

10  in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages

11  in an amount sufficient to punish and make an example out of Defendants

12                          **THIRD CAUSE OF ACTION**

13                          **DISABILITY DISCRIMINATION**

14                          **(Plaintiff Against All Defendants)**

15      63.     Plaintiff alleges and incorporates herein by this reference each and every allegation

16  set forth in all previous paragraphs of the Complaint as if fully set forth herein.

17      64.     Plaintiff was at all times hereto an "employee" within the meaning of California

18  Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit

19  disability discrimination in employment.

20      65.     Defendant AMAZON was at all material times an "employer" as defined by

21  California Government Code § 12926(d) and within the meaning of California Government Code

22  § 12940(a) and (c) and, as such, was barred from discriminating in employment decisions on the

23  basis of disability, as set forth in California Government Code § 12940.

24      66.     Defendant AMAZON has discriminated against Plaintiff on the basis of his

25  disability in violation of California Government Code § 12940(a) and (c), Article I of the California

26  Constitution and related statutes, by engaging in the course of conduct more fully set forth in the

27  General Allegations and all paragraphs stated above.

28      67.     As a result of Defendant AMAZON'S unlawful discrimination against Plaintiff,

Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

68.     As more fully set forth above, the disability discrimination by Defendant AMAZON was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

## FOURTH CAUSE OF ACTION

### DISABILITY HARASSMENT

### (Plaintiff Against All Defendants)

69.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

70.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code § 12940(a) and (c), which prohibit disability harassment in employment.

71.     Defendant AMAZON was at all material times an "employer" within the meaning of California Government Code § 12926(d) and California Government Code § 12940(a) and (c) and, as such, was barred from harassing and discriminating in employment decisions on the basis of disability possessed or thought to be possessed by an employee, as set forth in California Government Code § 12940.20.

72.     Defendants harassed Plaintiff on the basis of disability, in violation of California Government Code § 12940(a) and (c), Article I of the California Constitution and related statutes by engaging in the course of conduct more fully set forth in the General Allegations stated above.

13

COMPLAINT

73.     As a proximate result of Defendants' harassment of Plaintiff, Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages. The amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

74.     As more fully set forth above, the disability harassment by Defendant was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## FIFTH CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY

### (Plaintiff Against All Defendants)

75.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

76.     Plaintiff at all times hereto was an "employee" within the meaning of California Government Code § 12926(c) and California Government Code §§12940 (a) and (c), which prohibit disability/medical condition harassment/discrimination in employment.

77.     Defendant AMAZON was at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code §§12940(a) and (c), and, as such, was barred from harassing/discriminating against Plaintiff on the basis of disability, perceived disability, or medical condition possessed or thought to be possessed by an employee, as set forth in California Government Code §12940.

78.     At the time of Plaintiff's employment with Defendant AMAZON, he was suffering from a condition that substantially limits his major life activities.

14

COMPLAINT

79.     Despite having knowledge of Plaintiff's condition, Defendant AMAZON failed to provide Plaintiff with a reasonable accommodation for the above condition.

80.     As a proximate result of Defendant AMAZON'S failure to accommodate Plaintiff's known health conditions, Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities; all on account of which Plaintiff is entitled to compensatory damages. The amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

81.     As more fully set forth above, Defendant AMAZON's failure to accommodate Plaintiff's known serious health conditions was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

## SIXTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF ACCOMMODATION OF A DISABILITY

### (Plaintiff Against All Defendants)

82.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

83.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code §§12940(a) and (c), which prohibit disability/medical condition and harassment/discrimination in employment.

84.     Defendant AMAZON was at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code § 12940(a) and (c) and, as such, was barred from harassment/discrimination of Plaintiff on the basis of disability.

15

1  perceived disability, or medical condition possessed or thought to be possessed by an employee,

2  as set forth in California Government Code §12940.

3       85.    At the time of Plaintiff's employment with Defendant AMAZON, he was suffering

4  from a condition that substantially limits his major life activities.

5       86.    Despite having notice of Plaintiff's condition, and notice of Plaintiff's request for

6  a reasonable accommodation, Defendant AMAZON failed to engage in a timely, good faith,

7  interactive process with Plaintiff to determine effective reasonable accommodations in violation

8  of California Government Code § 12940(n).

9       87.    As a result of Defendant AMAZON' failure to engage in the interactive process of

10  accommodation of his known disabilities, Plaintiff has suffered and continues to suffer (a)

11  substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss

12  of past and future earnings, and employment benefits and opportunities, on account of which

13  Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages

14  exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either

15  seek leave to amend this Complaint upon ascertaining such information, or will prove the same at

16  the time of trial.

17       88.    As more fully set forth above, Defendant AMAZON'S failure to engage in the

18  interactive process to accommodate Plaintiff's known disabilities was committed intentionally,

19  maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's

20  rights, and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries

21  sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in

22  California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in

23  an amount sufficient to punish and make an example out of Defendant.

24                                **SEVENTH CAUSE OF ACTION**

25  **FAILURE TO PREVENT, CORRECT, AND/OR REMEDY DISCRIMINATION AND**

26                                 **HARASSMENT**

27                         **(Plaintiff Against All Defendants)**

28       89.    Plaintiff alleges and incorporates herein by this reference each and every allegation

1    set forth in all previous paragraphs of the Complaint.

2      90.     Defendant AMAZON failed to take all reasonable steps to prevent Plaintiff's

3    harassment from occurring, in violation of California Government Code § 12940(k), by engaging

4    in the course of conduct set forth in the General Allegations and all paragraphs stated above,

5    amongst other things.

6      91.     Specifically, Defendant AMAZON failed to take any meaningful preventative

7    action against those managers, supervisors and employees who were harassing Plaintiff or enabling

8    others to discriminate against and harass Plaintiff. If Defendant AMAZON has a written policy

9    addressing the issue of age and disability harassment, the policy is not enforced and is consistently

10    disregarded.

11      92.     As a result of Defendant AMAZON'S failure to prevent the unlawful harassment

12    of Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental

13    anguish, emotional and physical distress, (b) loss of past and future earnings, and employment

14    benefits and opportunities, which Plaintiff is entitled to as compensatory damages. The exact

15    amount and nature of such damages exceed the jurisdictional limits of this court, but are presently

16    unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such

17    information or will prove the same at the time of trial.

18      93.     Defendant AMAZON failed to take all reasonable steps to correct and remedy the

19    harassment of Plaintiff, in violation of California Government Code § 12940(j), by engaging in

20    the course of conduct set forth in the General Allegations and all paragraphs stated above, amongst

21    other things.

22      94.     Specifically, during the course of this misconduct, Defendant AMAZON failed to

23    take immediate and appropriate corrective action to remedy the discrimination of Plaintiff by

24    employees who were harassing Plaintiff or enabling others to harass Plaintiff.

25      95.     As a result of Defendant AMAZON'S failure to correct or remedy the unlawful

26    discrimination and harassment of Plaintiff, Plaintiff has suffered and continues to suffer from (a)

27    substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past

28    and future earnings, employment benefits and opportunities Plaintiff is entitled to as compensatory

1   damages. The exact amount and nature of such damages exceed the jurisdictional limits of this

2   court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint

3   upon ascertaining such information or will prove the same at the time of trial.

4       96.    As more fully set forth above, Defendant AMAZON's failure to prevent, correct,

5   and/or remedy the unlawful discrimination and harassment was intentional, malicious, wanton,

6   oppressive and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex,

7   injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the

8   meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary

9   damages in an amount sufficient to punish and make an example out of Defendant.

10   **EIGHTH CAUSE OF ACTION**

11   **RETALIATION FOR ENGAGING IN A PROTECTED ACTIVITY**

12   **(Plaintiff Against All Defendants)**

13       97.    Plaintiff alleges and incorporates herein by this reference each and every allegation

14   set forth in all previous paragraphs of the Complaint.

15       98.    California Labor Code § 98.6 prohibits an employer from retaliating against an

16   employee for filing, a bona fide complaint, or a claim, or instituted any proceeding relating to his

17   rights under the jurisdiction of the labor commission.

18       99.    Plaintiff's aforementioned protected activity, as described hereinabove, was a

19   motivating factor in Defendant AMAZON's decisions that were adverse to Plaintiff, in regard to

20   compensation and terms, conditions and privileges of employment.

21       100.    Defendants retaliated against Plaintiff as manifested by several acts depicted under

22   the General Allegations above. Specifically, Defendants subjected Plaintiff to a hostile work

23   environment for his whistle-blowing actions, and for reasonably engaging in a lawful and protected

24   activity, as more fully set forth in the General Allegations and all paragraphs stated above, amongst

25   other things. Ultimately, Defendants terminated Plaintiff's employment without valid justification.

26       101.    Clearly, the aforementioned acts are discriminative against Plaintiff, and a violation

27   against California Labor Code §'98.6. As a result of the foregoing wrongful conduct, Plaintiff is

28   entitled to recover restitution damages in the form of payment of unlawfully withheld wages,

18

COMPLAINT

overtime, and commissions. Plaintiff is also entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine.

102.    As a result, Plaintiff is entitled to recover all unpaid compensation against him, prejudgment interest, and reasonable attorneys' fees and costs of suit. The exact amounts of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

103.    The unlawful practices toward Plaintiff, as alleged in the General Allegations set forth above, were approved and ratified by Defendants by its failure to honor Plaintiff' rights under the aforementioned law to which he was entitled.

## NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION

#### (Plaintiff Against All Defendants)

104.    Plaintiff re-alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

105.    Defendants violated the Fair Employment and Housing Act (FEHA), California Government Code § 12940 et seq. by wrongfully terminating Plaintiff's employment because of his age and disability.

106.    Defendants terminated Plaintiff's employment in furtherance of its willful violation of California Labor Code § 970, California Labor Code §§ 200, 226.8, and Business and Professions Code § 17200 et seq., amongst other California laws, as more fully set forth in the General Allegations above.

107.    The aforementioned acts of Defendants constitute wrongful termination in violation of public policy.

108.    As a result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, employment benefits and opportunities, which Plaintiff is entitled to as compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave

1  to amend this Complaint upon ascertaining such information or will prove the same at the time of
2  trial.

3      109.    As more fully set forth above, the acts of Defendants were intentional, malicious,
4  wanton, oppressive and fraudulent, with conscious disregard for Plaintiff's rights and with the
5  intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff
6  within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or
7  exemplary damages in an amount sufficient to punish and make an example out of Defendants.

8  **TENTH CAUSE OF ACTION**

9  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

10  **(Plaintiff Against All Defendants)**

11      110.    Plaintiff alleges and incorporates herein by this reference each and every allegation
12  set forth in all previous paragraphs of the Complaint.

13      111.    Defendants engaged in age and disability discrimination, harassment and retaliation
14  against Plaintiff, and aided and abetted each other in engaging in illegal discrimination harassment,
15  and retaliation thereby subjecting Plaintiff to the intentional infliction of emotional distress caused
16  by such discrimination and harassment in violation of California Government Code § 12940.

17      112.    Defendants failed to take immediate and appropriate remedial action to respond to
18  Plaintiff's complaints of discrimination and harassment. Instead, Defendant AMAZON ignored
19  Plaintiff's request that the behavior be dealt with and allowed Plaintiff to be subjected to retaliatory
20  action.

21      113.    The acts of Defendants as described herein were extreme and outrageous and an
22  abuse of the authority and position of Defendants, and each of them. Such conduct was intended
23  to cause severe emotional distress, or was done with conscious disregard for the probability of
24  causing such distress. Such conduct exceeded the inherent risks of employment and was not the
25  sort of conduct normally expected to occur in the workplace. Defendant AMAZON and their
26  employees, the above-named individual Defendants, abused their positions of authority toward
27  Plaintiff, and engaged in conduct intended to humiliate Plaintiff and convey the message that he
28  were powerless to defend his rights.

20
COMPLAINT

114.   As a proximate result of the aforementioned acts, Plaintiff has suffered embarrassment, anxiety, humiliation, serious mental anguish, and emotional and physical distress. Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits of this court, but is yet to be ascertained.   Plaintiff will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

115.   As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive, and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.   Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## ELEVENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Plaintiff Against All Defendants)

116.   Each of the above paragraphs contained in this Complaint is hereby incorporated by reference at this point as if set forth herein full at length.

117.   In carrying out the above conduct, Defendants, and their employees and agents, breached the duty owed to Plaintiff to provide a workplace free from discrimination, harassment, and retaliation, and abused their positions of authority towards Plaintiff.   Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

118.   Defendants, and their employees and agents knew, or should have known that the above conduct would cause Plaintiff serious emotional distress.   As a proximate result of Defendants negligent conduct, Plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, anxiety, mental anguish, and emotional distress in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   Compensatory and actual damages in an amount to be proven at the time of trial;

2.  For costs of the suit incurred herein;

3.  For punitive and exemplary damages in an amount to be proven at the time of trial;

4.  For reasonable attorneys' fees under the <u>California Labor Code</u> and all related statutes, including California Government Code § 12965(b); and Cal. Code of Civil Procedure § 1021;

5.  For pre- and post-judgment interest at the prevailing statutory rates;

6.  A declaratory judgment that the practices complained of in this Complaint are unlawful under California law;

7.  An injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all person acting in concert with them from engage in each of the practices complained of in this Complaint; and

8.  For such other relief as the court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for the causes of action set forth herein.

Dated: May 16, 2022                     MESRIANI LAW GROUP
                                        A PROFESSIONAL LAW CORPORATION

                                        By: _____
                                        CORY GOULD, ESQ.,
                                        Attorney for Plaintiff DAVID MILLAR

22
COMPLAINT

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 2, 2022

Rodney Mesriani
510 Arizona Ave.
Los Angeles, CA 90401

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202205-16873002
        Right to Sue: MILLAR / AMAZON.COM SERVICES, LLC et al.

Dear Rodney Mesriani:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

May 2, 2022

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202205-16873002
       Right to Sue: MILLAR / AMAZON.COM SERVICES, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                      KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 2, 2022

DAVID MILLAR
4054 Madison Ave. #C
Culver City, CA 90232

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202205-16873002
Right to Sue: MILLAR / AMAZON.COM SERVICES, LLC et al.

Dear DAVID MILLAR:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective May 2, 2022 because
an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Government Code section 12945.2, has the right to
participate in DFEH's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in DFEH's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
DFEH's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number
indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

DAVID MILLAR

DFEH No. 202205-16873002

Complainant,

vs.

AMAZON.COM SERVICES, LLC
202 Westlake Ave.
North Seattle, WA 98109

ANTHONY ALBERICI
202 Westlake Ave.
North Seattle, WA 98109

Ring, LLC
,

AMAZON.COM, INC.
,

Respondents

_____

1. Respondent **AMAZON.COM SERVICES, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **ANTHONY ALBERICI** individual as Co-Respondent(s).
Complainant is naming **Ring, LLC** business as Co-Respondent(s).
Complainant is naming **AMAZON.COM, INC.** business as Co-Respondent(s).

3. Complainant **DAVID MILLAR**, resides in the City of **Culver City,** State of **CA.**

4. Complainant alleges that on or about **August 3, 2021**, respondent took the following adverse actions:

-1-
*Complaint – DFEH No. 202205-16873002*

Date Filed: May 2, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over), other, association with a member of a protected class, family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over), other, association with a member of a protected class, family care or medical leave (cfra) and as a result of the discrimination was terminated, forced to quit, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments.

**Additional Complaint Details:** The Complainant was denied a work environment free from discrimination and harassment on the basis of the following protected categories, including but not limited to age, actual or perceived disability, and association with a member of a protected class. He was differentially treated than similarly-situated employees.

At all times relevant, herein Respondents, AMAZON.COM SERVICES, LLC, et al. failed to prevent, correct, and/or remedy the Complainant's situation despite his complaints. They also failed to accommodate the Complainant's actual or perceived disability and to engage in the interactive process of accommodation of a disability. Instead, the Complainant was retaliated against for complaining about the harassment and requesting accommodation for a disability. The Complainant was ultimately wrongfully terminated because of his protected characteristics as mentioned above.

-2-
Complaint -- DFEH No. 202205-16873002

Date Filed: May 2, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Rodney Mesriani**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On May 2, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, California**

-3-

*Complaint – DFEH No. 202205-16873002*

Date Filed: May 2, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

# MESRIANI LAW GROUP

*a professional law corporation*

510 ARIZONA AVENUE,
SANTA MONICA, CA 90401
T: (310) 826-6300
F: (310) 826-1258

Name of Client: __Patricia Velasco__

Date of Incident: _____

     I hereby authorize my attorney, Rodney Mesriani of Mesriani Law Group, A Professional Law Corporation, to settle my claim or lawsuit for whatever sum MLG feels is reasonable and, in such event, MLG is authorized to execute any and all settlement documents, including releases, dismissals, checks and drafts on behalf of myself, and I hereby grant MLG the power of attorney for this limited purpose.

Signature: _____

Date: _____

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am employed in County of Los Angeles, State of California. I am over the age of 18 and not a

4

party to the within action. My business address is 510 Arizona Ave. Santa Monica, CA. 90401.

5

On the date set forth below, I served the document(s) described as: **PLAINTIFF DAVID MILLAR'S**

6

**CONFORMED COMPLAINT, PLAINTIFF DAVID MILLAR'S CONFORMED SUMMONS**

7

on the person(s) listed below:

8

**CSC- Lawyers Incorporating Service**
**C/O Amazon.com Services**

9

**Re: David Millar v. Amazon.com Services, LLC; et al**
**2710 Gateway Oaks Dr. Ste 150N**

10

**Sacramento, CA 95833**

11

___XX__ (BY MAIL) I placed the above-described documents in an envelope, sealed the envelope
and deposited it with the United States Postal Service on the date herein above with the

12

postage thereon fully prepaid.

13

_____ (BY FACSIMILE) I caused the above-transcribed documents to be transmitted via

14

facsimile to the addressees as set forth above at (000) 000-0000 and received a facsimile
transmission report confirming transmission to the above-referenced fax number.

15

_____(BY E-MAIL) I caused the above-transcribed documents to be transmitted via electronic mail

16

(e-mail) to the addresses as set forth above at _ received a transmission report confirming
transmission to the above-referenced e-mail addresses.

17

18

_____ (BY OVERNIGHT DELIVERY) I placed the above described documents in a sealed
envelope and deposited it with Fed Ex for overnight delivery service to the addressee as

19

set forth above.

20

_____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the

21

addressee as set forth above.

22

___ (FEDERAL) I declare that I am employed in the office of an attorney admitted to practice

23

in this Court at whose direction the service was made.

24

__XX_ (STATE) I declare under penalty of perjury under the law above is true and correct.

25

26

DATED: June 24, 2022

27

_/s/ Noah Keith_____

Noah Keith

28

**PROOF OF SERVICE**

Mesriani Law Group
510 Arizona Ave.
Santa Monica, CA 90401




UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $002.36
0000742700   JUN 24 2022
MAILED FROM ZIP CODE 90401

CSC- Lawyers Incorporating Service
C/O Amazon.com Services
Re: David Millar v. Amazon.com Services, LLC; et al
2710 Gateway Oaks Dr. Ste 150N
Sacramento, CA 95833